UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LENIYAH BUTLER,<br><br>        Defendant. | Case No. 23-cr-00449-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 81 |

Defendant has filed a motion for reconsideration of the Court's order denying the first motion to suppress. In that order, the Court held that defendant's motion to suppress was moot because the government had represented that it would not seek to introduce at trial the text messages at issue that agents found during the search of Butler's phone pursuant to the November 16, 2023 search warrant.

Defendant's motion for reconsideration contends that the motion to suppress is not moot because defendant's motion to suppress also sought to suppress all fruits of the second search warrant dated December 8, 2023, because the second search warrant relied on those text messages. Defendant argues that the Court must address the subsidiary arguments related to that second search warrant, including *inter alia* defendant's request for a *Franks* hearing and whether there was probable cause for the second warrant.

In response, the government has filed an opposition stating, *inter alia*, that "the government will not introduce in its case-in-chief any evidence that was found with the second search warrant that was not also in the scope of the first warrant. That is, any evidence from the defendant's phone that the government plans to use at trial will be within the scope of the first warrant." Dkt. No. 82 at 2. Notwithstanding the government's representations, defendant contends that the motion is still not moot. *See* Dkt. No. 83 at 2.

United States District Court
Northern District of California

It is the Court's view based upon the government's representations that the issues raised by the first motion to suppress are moot.  However, based on defendant's contention to the contrary and in the interest of a providing a clear record, the Court further finds that if Paragraphs 24-27 of the Smith Affidavit in support of the second search warrant were excised, there was still probable cause for the second search warrant for the reasons stated in the government's opposition to the motion to suppress.  *See United States v. Vasey*, 834 F.2d 782, 788 (9th Cir. 1987) (the "reviewing court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant.").   The remainder of the affidavit included information based on Butler's confession to the FBI in which she stated, *inter alia*, that she shot the victim with a gun she received from her boyfriend and that she had met her boyfriend though an app on her phone.  The information about Butler's confession, combined with the other information in the warrant about the FBI's investigation of Butler, provided probable cause to search Butler's phone for the items listed in Attachment 1(b)-(e).  The only subsection of Attachment B for which there would no longer be probable cause would be Attachment 1(a) (communications with the user of the phone number ending in 7094), but those communications would be captured under Section 1(b).

    **IT IS SO ORDERED**.

Dated: September 6, 2024

_____
SUSAN ILLSTON
United States District Judge

2