United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEION BUTLER, a/k/a LENIYAH BUTLER,

Defendant.

Case No. 23-cr-00449-SI-1

**ORDER RE: *DAUBERT* MOTIONS**

Re: Dkt. Nos. 149-152, 156, 165, 167

On January 28, 2025, the Court held a hearing on the parties' *Daubert* motions regarding four defense experts and three rebuttal government experts. For the reasons set forth below, the motions are DENIED without prejudice to raising specific objections at the time of trial as to the relevance of particular expert testimony.[1]

**LEGAL STANDARD**

Federal Rule of Evidence 702 permits the introduction of expert testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. "To qualify as an expert, a witness must have 'knowledge, skill, experience, training, or education'

[1] The expert reports and much of the briefing was filed under seal. As such, and because the parties are familiar with the substance of the reports, this order does not discuss the specific information and arguments in the under seal materials, and instead addresses the issues on a higher level of generality.

United States District Court
Northern District of California

relevant to such evidence or fact in issue." *United States v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000) (citing Fed. R. Evid. 702). On December 1, 2023, Rule 702(d) was amended to "clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 (Advisory Committee Notes, 2023 Amendments).

The proponent of the expert testimony has the burden of proving the proposed expert testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 598 (9th Cir. 1996). Expert testimony is admissible "only if it is both relevant and reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, Rule 702 "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharm. Corp*., 747 F.3d 1193, 1196 (9th Cir. 2014) (citing *Daubert*, 509 U.S. at 588). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

Rule 702 requires that the trial court act as a "gatekeeper" by "making a preliminary determination of whether the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002) (citations omitted); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The decision whether to admit or exclude expert testimony lies within the trial court's discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997); *United States v. Calderon–Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008). Rule 702 "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge." *Kumho Tire*, 526 U.S. at 147.

**DISCUSSION**

The government has filed *Daubert* motions challenging the testimony of four defense experts: clinical and forensic neuropsychologist Dr. Amanda Gregory; psychiatrist Dr. Erika Bath; criminologist Valerie Jenness; and Ph.D. candidate Rhonelle Bruder. The defense has filed *Daubert* motions challenging the testimony of three rebuttal experts: forensic psychiatrist Dr. Jessica Holliday; neuropsychologist Dr. Daniel Martell; and FBI Special Agent Marty Parker.

**I. Defense Experts**

The government contends that the defense expert testimony should be excluded or limited as irrelevant, unhelpful to the jury, and pursuant to Federal Rule of Evidence 403. The government also contends that certain experts did not use reliable methodologies, that their opinions are not based on sufficient facts and data, and that Ms. Bruder should be excluded because she is not qualified. The government also asserts that Dr. Bath "diagnoses" Butler with various conditions, and that these diagnoses are irrelevant to the jury's evaluation of the evidence or determination of any fact in issue.

The Court finds that the defense experts are qualified, including Ms. Bruder based upon her experience. The government's contentions regarding the reliability and sufficiency of the expert opinions largely go to the weight and not admissibility of those opinions, and the government may explore those issues through cross-examination.

As to the government's relevance objections, the Court DENIES the government's motions without prejudice to raising specific objections to particular testimony at the time of trial. The relevance of the experts' opinions will depend on the evidence presented at trial. The parties have not provided the Court with a detailed preview of their evidence, and the scope of some evidence is currently being litigated in the parties' pending motions in limine. As such, the Court cannot at this time determine whether particular expert testimony will be admissible. However, as a general matter, the Court finds that the defense experts' opinions may be relevant and helpful to the jury's assessment of (1) Butler's potential defenses;[2] (2) Butler's demeanor, affect, language, and so forth in Butler's live testimony, if she testifies; any portions of Butler's recorded FBI interview that are admitted; and Butler's jail recordings, if those are admitted; and (3) other issues, should they be put at issue, such as Butler's relationship with her mother and why Butler did not call the police after

---

[2] Assuming *arguendo* that Butler is permitted to proceed on theories on self-defense and imperfect self-defense, the Court is not persuaded by the government's arguments that expert testimony about Butler's prior trauma is irrelevant as a matter of law. The Court finds that such testimony could be relevant to determining the reasonableness of Butler's fear of H.W., provided a sufficient factual predicate linking Butler's past trauma and fear at the time of the incident. *See United States v. Lopez*, 913 F.3d 807, 821-23 (9th Cir. 2019); *see also People v. Minifie*, 13 Cal. 4th 1055, 1069 (1996).

shooting H.W.

With regard to Dr. Bath's testimony about Butler's "diagnoses," Dr. Bath will be permitted to testify about conditions that are identified or discussed in Butler's records,[3] and how Butler's conduct is consistent with those conditions, provided that such testimony is relevant.

Prior to any expert testifying, the Court will require a detailed proffer of that expert's testimony. In addition, the Court is mindful of the Rule 403 concerns raised by the government, and will not allow expert testimony that is needlessly cumulative or unfairly prejudicial.

**II. Government Rebuttal Experts**

Butler challenges the government's rebuttal experts on several grounds. Butler contends that the disclosure for FBI Special Agent Parker is inadequate, that Parker's opinions are not truly rebuttal, and that Parker's testimony is unreliable and unhelpful. The Court DENIES the motion to exclude Special Agent Parker without prejudice to raising specific objections to specific testimony at the time of trial. The Court is not persuaded that the disclosure was inadequate or that Parker is unqualified based on her experience. The scope of Parker's rebuttal testimony will depend on the nature of Bruder's and Jenness's testimony, and if the defense believes that Parker's testimony exceeds the scope of true rebuttal testimony, they may raise that issue at trial. Similarly, to the extent Butler contends that Parker's experience does not qualify her to provide opinions about sex trafficking, sex work, the different Blades, etc., the defense can explore those issues on cross-examination.

Butler challenges the entirety of Dr. Holliday's disclosed testimony on multiple grounds, including that much of her proposed testimony is not true rebuttal and that her opinions are couched in argumentative language. The Court DENIES the motion to exclude Dr. Holliday without prejudice to raising specific objections to specific testimony, with the exception of testimony regarding antisocial personality disorder as discussed below. The scope of Dr. Holliday's testimony

[3] The expert reports state that the experts were provided with voluminous records from Butler's life, including educational and foster care records. None of these documents have been provided to the Court, and thus the Court does not know what these records contain.



United States District Court
Northern District of California

will be determined by the scope of Dr. Bath's testimony, and neither expert will be permitted to testify in violation of Federal Rule of Evidence 704(b), which provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Dr. Holliday will be permitted to critique Dr. Bath's methodology and rebut her testimony. Thus, for example, if Dr. Bath testifies that Butler struggles with executive functioning, Dr. Holliday will be permitted to testify about evidence showing that Butler displayed executive functioning. However, the Court agrees with the defense that Dr. Holliday's opinion that Butler's behavior is consistent with anti-social personality disorder (ASPD) is not true rebuttal because Dr. Bath provides no opinions on personality disorders or ASPD. Further, the Court finds that testimony about ASPD is unduly prejudicial under Rule 403.

Finally, Butler challenges Dr. Martell only to the extent that the government seeks to introduce his rebuttal "opinion" that he could not provide an opinion about Butler's mental state at the time of the shooting because he was precluded from discussing the case with Butler. The government asserts that this is a rebuttal opinion to Dr. Gregory's "implied" testimony that Butler lacked the requisite intent or capacity to form the intent. The Court GRANTS the motion as framed, as neither Dr. Gregory nor Dr. Martell will be permitted to testify about Butler's mental state at the time of the offense. If, after Dr. Gregory testifies, the government believes that Dr. Gregory has opened the door to rebuttal testimony by Dr. Martell that does not run afoul of Rule 704(b), the government may raise the issue with the Court.

Prior to any expert testifying, the Court will require a detailed proffer of that expert's testimony.

///

**CONCLUSION**

For the foregoing reasons, the Court DENIES the parties' *Daubert* motions without prejudice to raising specific objections at trial.

**IT IS SO ORDERED**.

Dated: February 11, 2025

SUSAN ILLSTON
United States District Judge