United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEION BUTLER, a/k/a LENIYAH BUTLER,

Defendant.

Case No. 23-cr-00449-SI-1

**ORDER RE: MOTIONS IN LIMINE**

Re: Dkt. Nos. 194-196

On February 21, 2025, the Court held a hearing on the parties' motions in limine. This order resolves the pending motions.

## DISCUSSION

### I. Government's Motions in Limine

#### A. Motion in Limine No. 1 to Admit the Defendant's Prior Statements if and Only if Offered by the Government

The government moves to admit evidence of Butler's statements made in four contexts: (1) her recorded confession to the FBI on November 20, 2023; (2) her recorded jail calls to her mother and others in 2023 and 2024; (3) her search history on her phone between November 11 and November 20, 2023; and (4) her statements to her mother regarding the shooting between November 12 and November 20, 2023. The government's motion addresses the hearsay question only, and the government states that it will still be responsible for showing relevance and authenticity where necessary.

United States District Court
Northern District of California

**1. FBI Interview/Confession**

The government states that it seeks to admit all of the FBI interview/confession after the *Miranda* waiver. The statements made by Butler are admissible as those of a party-opponent under Federal Rule of Evidence 801(d)(2). The government contends that the statements of the FBI agents are needed for context under Federal Rule of Evidence 106.

GRANTED, except that the following shall be redacted as irrelevant and pursuant to Federal Rule of Evidence 403: (1) statements about the June 2023 pepper spray incident at S.F. Pride (defense motion in limine no. 5); and (2) references to Butler's medical status (defense motion in limine no. 10). The Court agrees with the government that the FBI agents' statements are needed for context and DENIES defense motion in limine no. 8 to exclude the "self-serving statements" by the FBI agents.

The government shall provide the defense and the Court with the proposed redactions to the FBI interview/confession by March 3, to be discussed at the March 4 pretrial conference.

**2. Jail Calls**

The government asserts that Butler's statements in jail calls are admissible as party-opponent statements under FRE 801(d)(2), and that the statements by other individuals on the calls are offered for context and for the effect on listener (when others are speaking to Butler). The government states that the conversations fall into two basic categories: conversations about pleading insanity, and conversations about the circumstances of the shooting.

The Court concludes that the jail calls are admissible, but finds that admitting the entirety of all of the calls would be needlessly cumulative, a waste of time, unduly prejudicial, and confusing under Rule 403. The government is directed to winnow down the jail calls and to provide the defense and the Court with the specific portions of the jail calls that the government wishes to admit no later than March 3, to be discussed at the pretrial conference.

**3. Internet Search History**

The government seeks a ruling that Butler's internet search history is not hearsay because

the searches are not statements. The defense does not dispute that the searches are not hearsay, but the defense has filed a separate motion in limine specifically about the pornography searches (defense motion no. 8). The defense contends that the internet searches for pornography are irrelevant and prejudicial under Rule 403. The government argues that the timing, frequency, and sheer volume of searches for pornography – but not the specific titles – are relevant to show Butler's state of mind and lack of remorse.

The Court GRANTS the motion as to the non-pornography searches, provided the government has a witness who can testify about the searches.[1] With regard to the pornography searches, the Court finds that the searches are of minimal relevance and raise Rule 403 concerns. The government can make its point about Butler's state of mind without introducing voluminous exhibits about the searches. The parties are directed to meet and confer regarding a possible stipulation about the pornography searches. If the parties cannot reach a stipulation, the government shall make an offer of proof at the pretrial conference about the pornography searches.

**4. Statements to Butler's Mother (Leslie Blueford)**

Butler's mother reported to law enforcement that Butler told her, in the early morning hours of November 12 and in the days after until her arrest on November 20, that she had killed a man (the victim). Blueford is on the government's witness list. If called, the government would like to have Blueford testify regarding those statements made by Butler. The government asserts that Butler's statements are admissible as opposing party statements and that Blueford's statements are not hearsay, both because they are for context and the effect on the listener.

The defendant agrees that statements made by Butler to her mother between November 12 and November 20 would constitute opposing party statements. Defendant objects, however, that statements made by Blueford would be admissible for context or effect on the listener. The government is willing to proffer on this particular point before Blueford testifies. The Court DEFERS ruling on this question subject to a proffer by the government, in the event that the

[1] As discussed at the hearing, the Court finds the excerpts of Butler's phone search history (Exhibit 1 to the Hageman Decl., Dkt. No. 194-1) difficult to interpret.

government calls Blueford as a witness.

**B. Motion in Limine No. 2 to Exclude Evidence Related to Diminished Capacity or Competency**

First, the government seeks to exclude "any evidence of diminished capacity (i.e. that Butler did not have the mens rea for second degree murder or the ability to form the mens rea)" based on Butler's statement that she is not seeking to assert a diminished capacity defense.

The motion is GRANTED to the extent that Butler cannot argue that she has diminished capacity. The Court recognizes the case law providing that psychiatric evidence is inadmissible to negate mens rea in general intent crimes. *See generally United States v. Twine*, 853 F.2d 676, 678-79 (9th Cir. 1988); *see also United States v. Frank*, 472 Fed. App'x 431, 432 (9th Cir. 2012) ("Because the crimes with which Frank was charged are both general intent crimes, we hold that the district court did not err in excluding the defense of diminished capacity and any evidence thereof."). However, evidence of Butler's mental health conditions and history of trauma is admissible to support Butler's claim of self-defense.

Second, the government seeks to preclude arguments that Butler is not competent to stand trial or that she did not testify because she is unable to communicate effectively (i.e. is incompetent to do so). The defense states that it does not plan to argue that Butler is incompetent to stand trial or that she lacks the ability to testify. The motion is GRANTED as framed, and if Butler does not testify at trial, neither party may comment about Butler's decision not to testify.

**C. Motion in Limine No. 3 to Exclude Unnoticed Rule 12.1, 12.2 and 12.3 Defenses and Any Self-Diagnosed Conditions Under Rule 12.2**

The government moves to exclude any unnoticed alibi (Rule 12.1), insanity (Rule 12.2(a)), or public authority (Rule 12.3) defense. The defense states it is not planning on asserting any of these unnoticed defenses. The motion is GRANTED as framed.

The government also seeks to exclude "any self-diagnosed mental diseases or defects under Rule 12.2." The government states that Butler should not be permitted to "diagnose herself with new conditions or diagnose herself with conditions that the experts have simply said are 'consistent

with' her symptoms." The Court GRANTS the motion as follows: Butler may not diagnose herself with any new conditions, but she may testify about conditions with which she has been diagnosed (such as PTSD) and how those conditions affect her.

**D. Motion in Limine No. 4 to Admit Butler's Prior Acts as Evidence of Motive, Intent, Knowledge, Absence of Mistake, and Lack of Accident under Rule 404(b)**

The government seeks to introduce evidence of Butler's prior violent acts on three separate occasions. The government also seeks to introduce evidence of Butler's recorded jail calls on multiple occasions in December 2023 and July 2024.

The government must meet four requirements to admit evidence under Fed. R. Evid. Rule 404(b)(2):

> (1) it must tend to prove a material issue; (2) the prior acts must not be too remote in time; (3) there must be sufficient evidence for a reasonable jury to conclude that the defendant committed the prior acts; and (4) when used to show knowledge and intent, the prior acts must be sufficiently similar to the charged offense.

*United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1264 (9th Cir. 2024). "But even then, '[t]he use of such evidence must be narrowly circumscribed and limited.'" *United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021) (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)).

"To show relevance under the first prong, 'the government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" *United States v. Ramos-Atondo*, 732 F.3d 1113, 1123 (9th Cir. 2013) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)). "Generally, an intent to assault is not transferrable across dissimilar and unique sets of circumstances." *United States v. Charley*, 1 F.4th 637, 648 (9th Cir. 2021).

"[I]f the evidence is admissible for a non-propensity purpose, the court determines whether the evidence nonetheless should be excluded under Rule 403 as unduly prejudicial." *Jimenez-Chaidez*, 96 F.4th at 1264.

United States District Court
Northern District of California

**1. Pepper Spray Incidents**

The government argues that the three incidents are evidence of Butler's intent, knowledge, absence of mistake, and lack of accident. The government argues that these incidents show that Butler has "extensive experience" using nonlethal weapons and "knew the effects that could be achieved by using nonlethal weapons but chose to bring and use a gun that night." The government argues that Butler's decision to kill H.W. was intentional and that these other acts help prove intent as well as lack of mistake and accident. On the fourth factor, the government contends that there are similarities between the pepper spray incidents and the current charge because they all involve instances in which someone tried to stop Butler from doing something, and she used pepper spray or a gun to get her way.

The Court DENIES the motion as to the pepper spray incidents. The police reports regarding those incidents shows that they are too different from the current charge to infer intent, knowledge, absence of mistake, and lack of accident. The pepper spray victims were all dissimilar and none were sex worker clients; the incidents involved varying facts (including two occurring when Butler was a minor); and there is no indication from the reports that Butler claimed she was acting in self-defense. *See United States v. Charley*, 1 F.4th 637, 649-50 & n.9 (9th Cir. 2021) (holding district court erred by allowing "other acts" evidence because "[n]either prior incident is similar enough to the circumstances underlying the charged offense to provide any insight into whether Charley intended to strike Begay for reasons other than self-defense. First, the prior incidents were confined to members of Charley's immediate family, whereas the charged offense occurred within the context of a romantic relationship. Second, the record lacks any pattern of violence between Charley and her stepmother or sister that precipitated the prior incidents. . . . Third, unlike the charged offense, there is no evidence in the record that Charley defended herself by asserting a self-defense claim to either of the prior incidents. And finally, the prior incidents, which did not include Begay in any manner whatsoever, involved dissimilar victims compared to the charged offense."). Further, even if there is some tenuous relevance, the probative value is substantially outweighed by prejudice under Rule 403.

#### 2. Jail Recordings

The jail recordings are addressed in the government's motion in limine no. 1.

### E. Motion in Limine No. 5 to Admit Character Evidence if the Defense Opens the Door under Rule 404(a)

This motion is DENIED without prejudice to a specific proffer at the time of trial if the government believes that the defense has opened the door under Rule 404(a).

### F. Motion in Limine No. 6 to Exclude Evidence of Irrelevant Victim History

#### 1. Defendant's mental health history

The government seeks to exclude evidence of H.W.'s "prior mental health issues" as irrelevant. The government asserts that "there is no evidence in the record that the victim continued to have these issues in November 2023," or that H.W. was exhibiting symptoms at the time he was killed. The motion is DENIED, but the Court will require an offer of proof from the defense prior to seeking to introduce evidence of H.W.'s mental health issues.

#### 2. Pepper spray incident involving H.W. in August 2023

The government seeks to exclude evidence about a pepper spray incident involving H.W. in August 2023. The government argues that there are too many dissimilarities between that incident and this one, the defense has not articulated a Rule 404(b) reason for admissibility, and that this evidence does not qualify as habit evidence under Rule 406. Based upon the limited information before the Court, the Court is inclined to agree with the government that this incident is not admissible under either Rule 404(b) or Rule 406. The motion is GRANTED, without prejudice to the defense providing a proffer to show how this evidence is admissible.

#### 3. Defendant's DUI from 2020

This aspect of the government's motion is unopposed and is therefore GRANTED.

**G. Motion in Limine No. 7 to Exclude Defense Exhibits and Other Evidence or Arguments Eliciting Sympathy for the Defendant and Antipathy for the Victim**

**1. Sex work and transgender status**

The government, while recognizing that that sex work and Butler's transgender status are "unavoidable" aspects of this case, seeks an order generally precluding "overemphasis" of these topics. The government's reply brief is more specific, and asserts that the defense should be precluded from "even remotely implying that the victim got what he deserved because he was engaged in the generally-disfavored act of buying sex, or that the defendant deserves acquittal because she was engaged in the generally-difficult work of selling sex," or "even remotely implying that the defendant deserves grace because she has faced difficulties as a trans person, or that the victim deserved death because (in the defense's theory) he was upset at the defendant being transgender."

The motion is DENIED without prejudice to raising specific objections at the time of trial.

**2. Intoxication**

The toxicology report shows H.W. had a blood alcohol content level of 0.155% at the time of his autopsy. The government moves to exclude this evidence as irrelevant. The Court DENIES the motion, finding that evidence that H.W. was intoxicated is relevant to Butler's claim of self-defense. *See Harris v. Cotton*, 365 F.3d 552, 556-58 (7th Cir. 2004) (granting habeas petition on account of ineffective assistance to defendant convicted of murder who claimed self-defense where counsel failed to obtain victim's toxicology report because "the victim's behavior is extremely relevant," "[c]ommon sense tells us that an individual under the influence of cocaine and alcohol may look and act in a strange manner," notwithstanding "that there is little or no evidence which goes to show that [the defendant] *knew* that [the victim] was under the influence of cocaine and alcohol.").

**3. 17 Defense Exhibits**

The government also "moves to exclude all 17 of the exhibits on the defense exhibit list, *see*



United States District Court
Northern District of California

United States District Court
Northern District of California

Hageman Decl. Ex. 3, all of which are related to the defendant's medical history and are irrelevant." Gov't Mtn. at 14. The government shall provide these exhibits to the Court by March 3, and be prepared to discuss these exhibits at the pretrial conference.

**H. Motion in Limine No. 8 to Require the Defense to Make a Prima Facie Offer of Proof for Self-Defense**

The motion is DENIED AS MOOT in light of defense motion in limine no. 11.

**I. Motion in Limine No. 9 to Limit Self-Defense Jury Instruction**

The motion is DENIED as premature until the parties submit jury instructions and the Court holds a jury instruction conference.

**J. Motion in Limine No. 10 to Exclude References to Punishment or Incarceration**

The motion is GRANTED as to references to punishment or incarceration, as potential sentences are irrelevant to the determination of guilt. The defense is not precluded from saying that this case has "serious consequences," provided there is no reference to a possible sentence, incarceration etc.

**K. Motion in Limine No. 11 to Exclude Unsupported and/or Inadmissible Facts**

The government moves to preclude the defense "from referencing facts that it does not reasonably anticipate will be supported by admissible evidence" in its opening statement. The defense responds that it does not intend to do so, and requests that the Court's order on the motion apply to the government as well. The Court GRANTS the motion and orders that neither the government nor the defense shall reference in their opening statements facts that they do not reasonably anticipate will be supported by admissible evidence. Counsel may discuss expert testimony that they reasonably anticipate will come into evidence, even if that expert testimony is based on hearsay.

**L. Motion in Limine No. 12 to Exclude References to Suppression Litigation**

The government moves to exclude any reference to the suppression litigation—including any attempts to impeach an agent based on an "unintentional" misstatement in a warrant affidavit. Butler contends that she should be permitted to cross-examine the case agent because it goes to her credibility. The government states that if Butler is allowed to attempt to impeach an agent on this issue, then the government will need to explain how the misstatement ended up in the warrant, including what the agents were searching for and what they found.

The Court GRANTS the motion as follows: neither party shall make reference to the suppression litigation. However, if defense counsel seek to question agents about the misstatement in the warrant affidavit, it is the Court's view that such cross-examination would open the door to evidence about what the agents were looking for, including text messages from Butler regarding purchasing a gun (and the reason why Butler wanted to purchase a gun).

**M. Motion in Limine No. 13 to Exclude Untimely Evidence and Untimely Witnesses**

The defense states that it has no objection disclosing witness names to the Court to facilitate the efficient presentation of evidence, but it objects to being required to disclose its witnesses, and thereby its trial strategy, to the government before presentation of the government's case-in-chief.

The Court directs the defense to provide reasonably complete witness and exhibit lists to the government and the Court by March 3.

**N. Motion in Limine No. 14 to Exclude Impeachment Based on Unsubstantiated or Irrelevant Allegations Against Law Enforcement Witnesses**

The motion is DENIED as moot, as the defense states that it does not intend to cross-examine the law enforcement witnesses about any of the disclosed incidents of alleged officer misconduct.

**O. Motion in Limine No. 15 to Preclude Impeachment Based on Law Enforcement Interview Summaries**

The government seeks an order precluding the defendant from: (1) introducing the contents of the Form 302s to impeach witnesses during cross examination; (2) publishing or quoting the

contents of the Form 302s to the jury; or (3) otherwise suggesting to the jury that the Form 302s are statements of the witnesses who did not write or adopt them. In its reply brief, the government states that it agrees with the defense that if an agent's 302 report of a witness is a substantially verbatim recital recorded contemporaneously or has been otherwise adopted or approved by the witness, then that witness is impeachable with that 302 itself. The government also states that it is agreeable to deferring this ruling unless and until the defense seeks to impeach with a 302 with a particular witness. Finally, the government states that as to the subject matter mentioned within the 302, the impeaching party may still potentially impeach on the underlying topic but should not (without prior approval of the Court) put the actual 302 form before the witness with the insinuation to the watching jury that there is a contradictory written statement.

The Court finds that the motion is premature and thus DENIED. *See United States v. Haischer*, 2012 WL 5199148, at *3 (D. Nev. Oct. 18, 2012) ("Given that the resolution of this question requires an individualized assessment" whether interview summaries prepared by federal agents who investigated the case have been adopted or approved by the witnesses, "the government's request for a blanket exclusion of the forms is premature."). Prior to any impeachment based on Form 302s, counsel shall seek approval from the Court.

**P. Motion in Limine No. 16 to Exclude Empty Chair Arguments Regarding the Defendant's Mother**

The government seeks to exclude any argument related to the prosecutorial discretion to not charge Butler's mother, Leslie Blueford. The government also requests that if lack of current charges against Blueford becomes relevant for impeachment, the matter be addressed outside the presence of the jury beforehand.

The defense states that it does not intend to make any argument about the government's prosecutorial decision not to charge Blueford, and the Court GRANTS this aspect of the motion. However, the defense asserts—and the Court agrees—that if the government elects to call Blueford as a witness or seeks to admit any of her statements denying or minimizing her role, then Blueford's exposure to criminal liability and the government's decision thus far not to charge her could be

United States District Court
Northern District of California

relevant to assessing Blueford's credibility. Accordingly, the Court DENIES the balance of the motion without prejudice to raising specific objections at the time of trial. If the government calls Blueford as a witness or seeks to introduce her statements as evidence, the Court will address the impeachment issue with counsel out of the presence of the jury prior to Blueford testifying or Blueford's statements being admitted.

**Q. Motion in Limine No. 17 to Exclude Untimely defense Expert Kenton Wong**

The government moves to exclude defense "rebuttal" expert forensic scientist Kenton Wong as untimely and improper rebuttal testimony. The Court GRANTS the motion without prejudice to the defense raising the issue of whether Wong should be permitted to testify in rebuttal after the government's medical examiner Jordan Taylor testifies.

**R. Motion in Limine No. 18 for Judicial Notice Regarding Federal Jurisdiction of the Presidio and Weather on November 12, 2023**

The Court directs the parties to reach stipulations regarding both issues and to provide those stipulations at the pretrial conference.

**S. Motion in Limine No. 19 for Notice of Defendant's Names**

As discussed at the hearing, after the FBI's case agent testifies about Butler's names, the jury will be informed (either by stipulation of the parties or through an instruction by the Court) that Butler is known by her birth name and her chosen name.

**T. Motion in Limine No. 20 to Admit Self-Authenticating Business Records**

The government seeks an order finding that the following exhibits are authenticated business records under FRE Rule 901(a): (1) Prosegur Security surveillance footage of the defendant wiping down the car (Trial Exhibits 53-56) with a custodian certification provided to the defense at US-LB-015309 and US-LB-09502-03; and (2) San Francisco County Jail recorded phone calls with a custodian certification provided to the defense at US-LB-05568 and US-LB-012978.

The defense does not object to the surveillance footage and as such that aspect of the motion is GRANTED. As to the jail phone calls, the defense contends that that the certification is inadequate. The Court directs the parties to meet and confer about the dispute. The government shall provide additional information regarding the certification to the defense and the Court by March 3, to be discussed at the pretrial conference.

**U. Motion in Limine No. 21 to Permit Case Agent and Government Rebuttal Experts to Observe Testimony**

The government moves the Court to permit FBI Special Agent Casey Smith to sit at the government table for the duration of the trial pursuant to Rule 615(a)(2) which permits a designated case agent to be present at trial. The government also moves the Court to permit the government's rebuttal experts (Daniel Martell, Jessica Holliday, and Marty Parker) to observe from the gallery for the duration of the trial as persons "whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(a)(3). The defense does not object to the government's request about Agent Smith. The defense does object to having the rebuttal experts sit through any portions of trial except for the specific defense expert that each government witness is offered to rebut.

The motion is GRANTED. If the defense believes that the rebuttal experts are exceeding the proper scope of rebuttal in their testimony, the defense can raise specific objections at trial.

**V. Motion in Limine No. 22 to Limit Expert Testimony to Noticed Areas Only**

The government seeks a ruling limiting the defense experts' testimony to "what was noticed in their disclosures." The defense responds that it does not intend to introduce any undisclosed expert testimony. The motion is GRANTED as framed, and the government may object to specific testimony at the time of trial if the government believes that the defense experts are exceeding the scope of their disclosures.

## II. Defense Motions in Limine

### A. Motion in Limine No. 1 to Preclude 404(b) Evidence for Lack of Notice

DENIED. The Court finds that the notice was not inadequate and in any event, these issues have been fleshed out pursuant to court order and through the motion briefing.

### B. Motion in Limine No. 2 to Preclude 404(b) Evidence as Improper

#### 1. Pepper Spray and Punching Incidents

The pepper spray incidents are addressed in the government's motion in limine no. 4.

The government does not seek to introduce evidence about two punching incidents that occurred in 2017, and thus this aspect of defendant's motion is DENIED as moot. If the government asserts that Butler has opened the door to this evidence under Rule 404(a), the government must first make a proffer outside the presence of the jury.

#### 2. Evidence about Butler obtaining a firearm

The defense contends that evidence regarding Butler allegedly obtaining a firearm from her boyfriend is irrelevant, unfairly prejudicial and improper Rule 404(b) evidence. In response, the government states that how and where Butler obtained the firearm she used to shoot H.W. is inextricably intertwined with the charged offense.

The motion is DENIED. "A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." *United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992). The fact that Butler obtained a gun is relevant to whether she had malice aforethought and/or whether she acted in self-defense and puts her actions into context. To the extent this evidence is "other acts" evidence under Rule 404(b), the Court finds that it is admissible to show intent, preparation, plan, absence of mistake, and lack of accident.

### C. Motion in Limine No. 3 to Exclude Unnoticed 404(b) Evidence

The government states it is not seeking to introduce any unnoticed Rule 404(b) evidence.

United States District Court
Northern District of California

The motion is DENIED without prejudice to raising a specific objection at the time of trial if the government seeks to introduce any such evidence.

**D. Motion in Limine No. 4 to Exclude Jail Calls**

This issue is addressed in the government's motion in limine no. 1.

**E. Motion in Limine No. 5 to Exclude Portions of Post-Arrest Statement**

This issue is addressed in the government's motion in limine no. 1.

**F. Motion in Limine No. 6 to Allow Extended Voir Dire**

The motion is GRANTED in part; the Court will permit each side 90 minutes for voir dire.

**G. Motion in Limine No. 7 to Permit Jury Site Visit**

This motion is DENIED. "The trial court's decision to allow or disallow a jury viewing of an alleged crime scene is highly discretionary." *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999). The Court finds that the defense can present evidence (such as photographs or video) to show the jury the approximate conditions at Crissy Field at the time of the shooting. Transporting the jury to Crissy Field in either the very early morning hours before sunrise (e.g., 5 a.m.) or the late evening after sunset (e.g., 9 p.m.) poses too many logistical difficulties to warrant a site visit.

**H. Motion in Limine No. 8 to Exclude Miscellaneous Hearsay and Irrelevant, Prejudicial Matters**

**1. FBI agents' statements during interview**

This is addressed *supra* in the government's motion in limine no. 1.

**2. Butler's web history reflecting visits to porn sites**

This is addressed *supra* in the government's motion in limine no. 1.

**3. Other evidence**

The defense asserts that various government exhibits are inadmissible hearsay (such as Butler's rap sheet and government expert reports); in response, the government states that these exhibits were included for various reasons, including potential use in cross-examination or to refresh the witness. The motion is DENIED without prejudice to specific objections at the time of trial.

**I. Motion in Limine No. 9 to Exclude Witnesses From Observing Trial, Order of Testimony, and Preparation of Witnesses**

The government does not object to the exclusion of almost all of the government's witnesses from observing trial pursuant to Federal Rule of Evidence 615, with the exception of case agent Special Agent Casey Smith and the government's rebuttal expert witnesses. This portion of the motion is GRANTED, subject to the discussion *supra* regarding the government's motion in limine no. 21.

The government states that it is only designating one case agent under Rule 615(a)(2), and thus defendant's request that the Court limit the government to one case agent is DENIED AS MOOT.

Defendant's request that the Court require the case agent and its rebuttal experts to testify first is DENIED. Defendant does not cite any authority imposing such a requirement. *See United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012) ("[W]e observe that it may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference.").

Finally, the Court ORDERS that witnesses excluded from the courtroom shall not discuss the substance of their testimony with each other, and they shall not read any daily trial transcripts.

**J. Motion in Limine No. 10 to Exclude References to Defendant's Medical Status or Related Evidence**

The motion is GRANTED as discussed in connection with the government's motion in limine no. 1.

**K. Motion in Limine No. 11 to Instruct the Jury on Self-Defense, Imperfect Self-Defense, and Lesser Includeds**

The defense moves the Court to instruct the jury on self-defense, imperfect self-defense, "heat of passion" voluntary manslaughter, and involuntary manslaughter. "In order to make a *prima-facie* case of self-defense, a defendant must make an offer of proof as to two elements: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023) (quoting *United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000)) (simplified). A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (quotation marks and citation omitted). In making this determination about the adequacy of the *prima facie* case, the evidence is "construed in the light most favorable" to the defendant, and on appeal, a lower court's decision to withhold a self-defense instruction is typically reviewed de novo, rather than for abuse of discretion. *Ehmer*, 87 F.4th at 1131.

The Court finds that the defense has made a *prima facie* showing of self-defense and imperfect self-defense and thus GRANTS the motion to that extent. The Court DEFERS ruling on the requests for a "heat of passion" voluntary manslaughter instruction, and an involuntary manslaughter instruction (which requires evidence that the killing was accidental or unintentional), until after the evidence has been presented.

**L. Motion in Limine No. 12 to Admit Evidence of Ms. Butler's Prior Experiences and Trauma, Relevant to Self-Defense, Her Statement, and Other Subjects**

The defense seeks an order admitting evidence of Butler's "prior experiences and trauma" as relevant to her claim of self-defense, her FBI statement/confession, and "other subjects." The motion does not identify any specific evidence, and as such the Court DENIES the motion as framed.

However, as discussed in the *Daubert* order, the Court agrees with the general principle that evidence about Butler's prior trauma – such as evidence that Butler has been sexually and physically assaulted by other "tricks" as well as sex traffickers posing as "tricks" – would be admissible as relevant to Butler's claim of self-defense.

**IT IS SO ORDERED**.

Dated: February 26, 2025

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California