UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LENIYAH (LEION) BUTLER,<br><br>        Defendant. | Case No. 23-cr-00449-SI-1<br><br>**JURY INSTRUCTIONS - COURT DRAFT #3** |

Note: on page 12 of this document, the Lesser Included Offenses instruction requires defendant to select either "any" or "all" as the standard to apply.

JURY INSTRUCTION NO.

**Duties of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION NO.

**Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

JURY INSTRUCTION NO.

**Use of Notes**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION NO.

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

JURY INSTRUCTION NO.

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

JURY INSTRUCTION NO.

**What Is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO.

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO.

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

JURY INSTRUCTION NO.

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

JURY INSTRUCTION NO.

**Opinion Evidence, Expert Witness**

You have heard testimony from several experts, including defense experts Dr. Amanda Gregory and Rhonelle Bruder, and government experts Dr. Jordan Taylor, Dr. Kelley Fracchia, Gerald Andrew Smith, former Lieutenant Lyn O'Connor, and Special Agent Glenn Solomon-Hill, who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO.

**Stipulations of Fact**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

JURY INSTRUCTION NO.

**Statements by Defendant**

You have heard testimony that Ms. Butler made a statement. It is for you to decide (1) whether Ms. Butler made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which Ms. Butler may have made it.

JURY INSTRUCTION NO.

**Defendant's Decision Not to Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that Ms. Butler did not testify.

JURY INSTRUCTION NO.

**Murder—Second Degree**

(Section 1111 of Title 18 of the United States Code)

Ms. Butler is charged in Count One of the indictment with murder in the second degree in violation of Section 1111 of Title 18 of the United States Code. For Ms. Butler to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Ms. Butler unlawfully killed Hamza Walupupu;

Second, Ms. Butler killed Hamza Walupupu with malice aforethought;

Third, the killing occurred in the Presidio;

Fourth, Ms. Butler did not act in reasonable (complete) self-defense; and

Fifth, Ms. Butler did not act in imperfect self-defense, or in a sudden quarrel or the heat of passion.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

JURY INSTRUCTION NO.

**Reasonable (Complete) Self-Defense**

Ms. Butler has offered evidence of having acted in self-defense.

Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself or another against the immediate use of unlawful force. However, a person must use no more force than appears reasonably necessary under the circumstances.

Force likely to cause death or great bodily harm is justified in self-defense only if a person reasonably believes that such force is necessary to prevent death or great bodily harm.

A person is not required to retreat. A person is entitled to defend herself, and this is so even if safety could have been achieved by retreating.

The government must prove beyond a reasonable doubt, with all of you agreeing, that Ms. Butler did not act in reasonable (complete) self-defense. If Ms. Butler acted in reasonable (complete) self-defense, her action was lawful and you must find her not guilty of any crime.

JURY INSTRUCTION NO.

**Lesser Included Offenses**

The crime of murder in the second degree includes the lesser crimes of voluntary and involuntary manslaughter. If (1) **(any)(all) [defendant to choose]**of you are not convinced beyond a reasonable doubt that the defendant is guilty of murder in the second degree; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of one of the lesser crimes of voluntary or involuntary manslaughter, you may find the defendant guilty of that lesser crime.

For the defendant to be found guilty of the lesser crimes of voluntary or involuntary manslaughter, the government must prove beyond a reasonable doubt the matters set out in the next two instructions.

JURY INSTRUCTION NO.

**Voluntary Manslaughter**

(Section 1112 of Title 18 of the United States Code)

**1.    Imperfect Self-Defense**

A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed a person because she acted in imperfect self-defense. The difference between complete self-defense and imperfect self-defense depends on whether Ms. Butler's belief in the need to use deadly force was reasonable.

Ms. Butler acted in imperfect self-defense if:

1. Ms. Butler actually believed that she was in imminent danger of being killed or suffering great bodily injury; and
2. Ms. Butler actually believed that the immediate use of deadly force was necessary to defend against the danger; but
3. At least one of those beliefs was unreasonable.

Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be. In evaluating Ms. Butler's beliefs, consider all the circumstances as they were known and appeared to Ms. Butler.

12

A danger is imminent if, when the fatal wound occurred, the danger actually existed or the defendant believed it existed. The danger must seem immediate and present, so that it must be instantly dealt with. It may not be merely prospective or in the near future.

A person is not required to retreat. A person is entitled to defend herself, and this is so even if safety could have been achieved by retreating.

Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.

To convict Ms. Butler of murder in the second degree, the government must prove beyond a reasonable doubt that Ms. Butler was not acting in imperfect self-defense. If the government has not met this burden, you must find Ms. Butler not guilty of murder in the second degree. A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed a person because she acted in imperfect self-defense.

**2.     Manslaughter – Sudden Quarrel or Heat of Passion**

A killing that would otherwise be murder is reduced to voluntary manslaughter if the defendant killed a person because she acted while in a sudden quarrel or heat of passion.

Ms. Butler committed the lesser crime of voluntary manslaughter – sudden quarrel or heat of passion, if:

1. Ms. Butler unlawfully killed Hamza Walupupu; and
2. While in a sudden quarrel or heat of passion, caused by adequate provocation:
   a) Ms. Butler intentionally killed Mr. Walupupu; or
   b) Ms. Butler killed Mr. Walupupu recklessly with extreme disregard for human life; and
3. The killing occurred in the Presidio.

Heat of passion may be provoked by fear, rage, anger or terror. Provocation, to be adequate, just be such as might arouse a reasonable and ordinary person to kill someone.

To convict Ms. Butler of murder in the second degree, the government must prove beyond a reasonable doubt that Ms. Butler was not acting in a sudden quarrel or heat of passion. If the

13

1  government has not met this burden, you must find Ms. Butler not guilty of murder in the second

2  degree. A killing that would otherwise be murder is reduced to voluntary manslaughter if the

3  defendant killed a person because she acted while in a sudden quarrel or heat of passion.

JURY INSTRUCTION NO.

**Involuntary Manslaughter**

(Section 1112 of Title 18 of the United States Code)

A killing that would otherwise be murder or voluntary manslaughter is reduced to involuntary manslaughter if the defendant killed a person without malice aforethought and without an intent to kill.

Ms. Butler committed the lesser crime of involuntary manslaughter if:

First, Ms. Butler committed an act that might produce death;

Second, Ms. Butler acted with gross negligence, defined as wanton or reckless disregard for human life;

Third, Ms. Butler's act was the proximate cause of the death of the victim. A proximate cause is one that played a substantial part in bringing about the death, so that death was the direct result or a reasonably probable consequence of the defendant's act;

Fourth, the killing was unlawful;

Fifth, Ms. Butler either knew that such an act was a threat to the lives of others or knew of circumstances that would reasonably cause Ms. Butler to foresee that such an act might be a threat to the lives of others; and

Sixth, the killing occurred in the Presidio.

To convict Ms. Butler of murder in the second degree, the government must prove beyond a reasonable doubt that Ms. Butler intentionally killed Mr. Walupupu with malice aforethought (along with the other elements listed in the second degree murder instruction). If the government has not met this burden, you must find Ms. Butler not guilty of murder in the second degree. A killing that would otherwise be murder or voluntary manslaughter is reduced to involuntary manslaughter if the defendant killed a person without malice aforethought and without an intent to

1  kill.

JURY INSTRUCTION NO.

**Evidence of Cognitive Abilities**

Evidence has been admitted regarding Ms. Butler's cognitive abilities. You may not consider evidence of Ms. Butler's cognitive abilities in deciding whether the government has proved beyond a reasonable doubt that the defendant acted with malice aforethought. You may, however, consider this evidence in evaluating whether Ms. Butler subjectively believed that self-defense was necessary under the circumstances.

JURY INSTRUCTION NO.

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence. Ms. Butler has pleaded not guilty to the charge. Ms. Butler is presumed to be innocent unless and until the government proves Ms. Butler guilty beyond a reasonable doubt. In addition, Ms. Butler does not have to testify or present any evidence. Ms. Butler does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

JURY INSTRUCTION NO.

**Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Ms. Butler is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Ms. Butler is guilty, it is your duty to find Ms. Butler not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Ms. Butler is guilty, it is your duty to find Ms. Butler guilty.

JURY INSTRUCTION NO.

**Activities Not Charged**

You are here only to determine whether Ms. Butler is guilty or not guilty of the charge in the indictment. Ms. Butler is not on trial for any conduct or offense not charged in the indictment.

JURY INSTRUCTION NO.

**On or About—Defined**

The indictment charges that the office alleged in Count One was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in Count One of the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

JURY INSTRUCTION NO.

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

JURY INSTRUCTION NO.

**Verdict Form**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**IT IS SO ORDERED**.

Dated: March 25, 2025

_____
SUSAN ILLSTON
United States District Judge