UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


UNITED STATES OF AMERICA,             )   CR-23-00449 SI
                                      )
                    PLAINTIFF,        )   SAN FRANCISCO, CALIFORNIA
                                      )
              VS.                     )   JUNE 25, 2024
                                      )
LEION BUTLER,                         )   PAGES 1-14
                                      )
                    DEFENDANT.        )
_____     )


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S:

FOR THE PLAINTIFF:      UNITED STATES ATTORNEY'S OFFICE
                        BY:  KELSEY C. DAVIDSON
                        450 GOLDEN GATE AVENUE, 11TH FLOOR
                        SAN FRANCISCO, CALIFORNIA  94102


FOR THE DEFENDANT:      RIZK & SHEARER LLP
                        BY:  DAVID W. RIZK
                        466 GEARY STREET, SUITE 201
                        SAN FRANCISCO, CALIFORNIA  94102



REMOTE REPORTED BY:     LEE-ANNE SHORTRIDGE, CSR, CRR
                        CERTIFICATE NUMBER 9595


PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED WITH COMPUTER

SAN FRANCISCO, CALIFORNIA                    JUNE 25, 2024

P R O C E E D I N G S

(COURT CONVENED AT 10:45 A.M.)

THE CLERK:  NOW CALLING CRIMINAL MATTER 23-CR-449, U.S.A. VERSUS LEION BUTLER.

COUNSEL, PLEASE STATE YOUR APPEARANCES FOR THE RECORD, STARTING WITH THE GOVERNMENT.

MS. DAVIDSON:  GOOD MORNING, YOUR HONOR.

KELSEY DAVIDSON ON BEHALF OF THE UNITED STATES.

THE COURT:  GOOD MORNING.

MR. RIZK:  GOOD MORNING, YOUR HONOR.

DAVID RIZK FOR LENIYAH BUTLER.  SHE'S NOT PRESENT.

THE COURT:  AND THAT IS BECAUSE?

MR. RIZK:  SHE -- SHE -- WELL, IT WAS REPORTED TO THE COURT STAFF THAT SHE'S UNWELL.

SHE CALLED ME THIS MORNING, TODAY, TO SAY THE SAME THING, THAT SHE'S NOT FEELING -- SHE'S FEELING SICK AND SHE JUST DIDN'T FEEL LIKE SHE COULD COME INTO COURT.

THE COURT:  OKAY.  WELL, IF WE ACCOMPLISH ANYTHING TODAY, WE'LL HAVE TO MAKE SURE THAT SHE'S OFFICIALLY NOTIFIED IN SOME WAY THAT PROTECTS ALL OF THE RIGHTS THAT SHE HAS.

MR. RIZK:  AGREED.

THE COURT:  OKAY.  AND ARE YOU AGREEABLE WITH GOING AHEAD RIGHT NOW, MS. DAVIDSON?

MS. DAVIDSON:  YES, YOUR HONOR.

THE COURT: OKAY. SO, MR. RISK, YOU NEED MORE TIME?

MR. RIZK: YES.

AND IT'S MY MOTION SO, YOU KNOW, WE WOULD NOT BE ASKING FOR THIS UNLESS WE FELT IT WAS ABSOLUTELY NECESSARY. IN EFFECT, IT'S A REQUEST AGAINST SORT OF THE CLIENT'S SUPERFICIAL INTERESTS BECAUSE SHE'S IN CUSTODY.

BUT PRACTICALLY, IT TAKES TIME TO GET A DEFENSE TOGETHER, AND WE'VE BEEN MOVING AS QUICKLY AS POSSIBLE. TODAY THE CASE IS ABOUT SEVEN MONTHS OLD, AND THAT'S JUST NOT MUCH TIME FOR A HOMICIDE.

AND, YOU KNOW, I'VE LAID OUT FOR THE COURT THE DEFENSE'S SEARCH FOR EXPERTS, WHICH HAS BEEN QUITE EXHAUSTIVE AND RELENTLESS.

I MEAN, WE TRIED TO KEEP THE SCHEDULE. THAT'S WHY WE ASKED FOR A CONTINUANCE ON THE DEADLINE FOR EXPERT DISCLOSURES. IT'S -- THIS IS NOT SOMETHING THAT WE WANT TO BE DOING, BUT IT'S SOMETHING WE FEEL LIKE WE HAVE TO DO TO GIVE MS. BUTLER A FULSOME DEFENSE.

AND WHAT I WOULD SAY IS THE GOVERNMENT NOTED IN ITS PAPERS THAT IT FEELS LIKE WE'VE HAD ENOUGH TIME TO FIND EXPERTS. WE'VE HAD SINCE DECEMBER.

I MEAN, FIRST, THERE IS THE ISSUE THAT IT TAKES TIME TO FIND AN EXPERT, AND UNLIKE THE GOVERNMENT'S EXPERTS, THE DEFENSE'S EXPERTS ARE NOT GOVERNMENT EMPLOYEES AND WE HAVE TO GO OUT INTO THE COMMUNITY AND FIND THEM, AND THAT TAKES TIME.

THIS IS AN UNUSUAL CASE WITH FAIRLY SPECIFIC EXPERTISE THAT'S REQUIRED.

AND THEN BEYOND EVEN THAT, I MEAN, IT'S NOT TRUE THAT IN DECEMBER WE KNEW WHAT EXPERTS WE NEEDED.  THAT MISSES THE FACT THAT INVESTIGATION IS REQUIRED FIRST, AND THE DEFENSE'S INVESTIGATION HAS BEEN GOING AT FULL TILT, AND A NUMBER OF KEY FACTS WERE NOT DISCOVERED UNTIL THE SPRING, STARTING IN APRIL AND MAY, AND THAT JUST DOESN'T LEAVE US MUCH TIME TO ADJUST.

AND THIS WAS ALWAYS, I THINK, A RISK OF SETTING SUCH A QUICK SCHEDULE, BUT WE DID SO BECAUSE IT WAS IN EVERYBODY'S COMMON INTEREST, AND NOW WE'RE IN A POSITION WHERE THE DEFENSE JUST FEELS LIKE WE ABSOLUTELY NEED MORE TIME.

AND IT'S NOT JUST ME.  MS. MOEEL FEELS THE SAME WAY. EVERY MEMBER OF OUR TEAM FEELS THE SAME WAY.

I'VE HAD A DIFFICULT CONVERSATION WITH MS. BUTLER ABOUT THE NECESSITY OF, OF DOING THE BEST POSSIBLE JOB FOR HER TO -- BECAUSE THIS IS SO IMPORTANT TO HER.

AND SHE DEFINITELY ACCEPTS THAT.  SHE DEFINITELY AGREES WITH THAT.  YOU KNOW, IT'S NOT HER -- SHE DOESN'T WANT TO BE STUCK AT THE SAN FRANCISCO JAIL A MINUTE LONGER THAN NECESSARY AND IS DREAMING OF GETTING OUT, BUT SHE ALSO KNOWS THAT THIS IS THE MOST IMPORTANT PROCESS IN HER LIFE RIGHT NOW AND SHE AGREES THAT WE NEED MORE TIME.

THE COURT:  MS. DAVIDSON, DOES THE GOVERNMENT OPPOSE THE IDEA OF A CONTINUANCE?

MS. DAVIDSON:  WE DO, YOUR HONOR, AND IN PARTICULAR, WE OPPOSE THE DECEMBER DATE.

THE COURT:  OKAY.  WELL, WE'LL GET TO DATES IN A MINUTE.  BUT IF YOU OPPOSE IT JUST ON THE MERITS, TELL ME WHY.

MS. DAVIDSON:  THERE ARE A FEW REASONS.

ONE, SINCE THE BEGINNING OF THIS CASE, THE GOVERNMENT HAS SAID WE ARE OPEN TO ANY DATE THE DEFENSE WANTS TO PICK, AS LONG AS WE DON'T KEEP MOVING THIS TRIAL DATE, AND WE'VE NOW MOVED IT SEVERAL TIMES.  IT WAS ORIGINALLY SET FOR APRIL, TENTATIVELY SET FOR JULY, THEN SEPTEMBER, AND NOW WE'RE LOOKING TO MOVE IT AGAIN.

AND, MOST IMPORTANTLY, THE VICTIMS HAVE A RIGHT TO PROCEEDINGS FREE FROM UNREASONABLE DELAY UNDER THE CRIME VICTIMS RIGHTS ACT, AND HERE THIS IS STARTING TO GET TO THE POINT WHERE IT'S RE-TRAUMATIZING EVERY TIME WE HAVE TO MOVE THIS TRIAL DATE.

AND WHILE --

THE COURT:  IS THERE FAMILY?

MS. DAVIDSON:  YES, THERE IS.  AND AT THE BEGINNING, THEY WERE COMING TO EVERY SINGLE COURT HEARING, AND THEY JUST COULD NOT CONTINUE TO DO THAT.  BUT THEY DO PLAN TO BE HERE FOR THE TRIAL AND OUR OFFICE IS STILL IN CONTACT WITH THEM.

AND ADDITIONALLY, WHILE THE DEFENSE FILED SOMETHING UNDER SEAL AND EX PARTE ABOUT HIS EXPERT DISCLOSURES, THE GOVERNMENT'S JUST A LITTLE CONFUSED ABOUT WHAT EXACTLY IS GOING

ON THERE.

AT OUR FEBRUARY HEARING, THE DEFENDANT SAID THAT THEY HAD CONSULTED WITH THEIR EXPERTS AND THEIR EXPERTS WERE ADAMANT THAT A JULY TRIAL DATE WOULD NOT WORK, BUT SEPTEMBER WOULD, AND NOW IT LOOKS LIKE MAYBE THERE ARE NOT EVEN EXPERTS LINED UP AT THIS POINT.

AND SO IT SEEMS LIKE THIS IS JUST DELAYING TACTICS TO CONTINUE TO MOVE THIS TRIAL DATE.

AND THE GOVERNMENT HAS BEEN ACCOMMODATING.  BACK WHEN THIS WAS ORIGINALLY SET FOR APRIL, WE RECOGNIZED THAT WAS A VERY EARLY TRIAL DATE, SO WE AGREED TO THE SHORT CONTINUANCE TO JULY.  THEN THAT TURNED INTO SEPTEMBER.

NOW THAT'S LOOKING INTO ANOTHER THREE MONTHS, AND IT'S JUST SOMETHING THAT WE FEEL SHOULD NOT CONTINUE TO MOVE.  THE DEFENDANT HAS HAD AMPLE TIME TO PREPARE, TO LOOK FOR EXPERTS, TO PUT A DEFENSE TOGETHER.

AND EVEN IN THE DEFENDANT'S FILING, THEY SAY THAT THEY NEED AN ADDITIONAL MONTH FOR THEIR EXPERTS, SO IN THAT CASE IT DOESN'T SEEM CLEAR TO US WHY THAT WOULD THEN NEED TO BE MOVED TO DECEMBER.

AND THE LAST THING IS ONE OF THE FACTORS TO LOOK AT IS INCONVENIENCE TO COUNSEL, AND AS MR. EWENSTEIN, MY CO-COUNSEL, NOTED IN AN UNDER SEAL FILING, HE DOES HAVE A CONFLICT THAT WOULD REQUIRE HIM TO GO EARLIER THAN A DECEMBER TRIAL DATE.

THE COURT:  OKAY.  THANK YOU.

WELL, I UNDERSTAND BOTH SIDES AND I ACTUALLY EMPATHIZE WITH BOTH SIDES HERE.

I'LL GRANT THE CONTINUANCE, BUT NOW LET'S TALK ABOUT WHERE TO.

MR. RIZK:  YEAH.

THE COURT:  IT'S NOT GOING TO BE EASY FOR ANY OF US.

MR. RIZK:  YEAH.  I MEAN, I -- YOU KNOW, I WANT TO ACCOMMODATE GOVERNMENT COUNSEL'S PERSONAL FAMILY ISSUES, ABSOLUTELY.  LIKE, MY GOAL IS TO BE COLLEGIAL HERE.

BUT MY -- THAT'S NOT A MATTER OF CONSEQUENCE TO MY CLIENT. SO THAT'S ONE THING.

THE COURT:  I WOULD -- I JUST WANT TO TALK POSSIBILITIES HERE, NOT WHETHER WE DO OR DON'T --

MR. RIZK:  SURE.

THE COURT:  -- HAVE CHILDREN.

MR. RIZK:  WELL, CURRENTLY I HAVE THE OTHER CASE, THE SHAMIM FRAUD CASE.

THE COURT:  AND IS THAT -- WHEN IS THAT GOING?

MR. RIZK:  IT'S SET ON OCTOBER 15TH.

THE COURT:  OKAY.

MS. DAVIDSON:  ALTHOUGH --

MR. RIZK:  AND I'VE DONE EVERYTHING I CAN TO TRY TO MOVE THAT.  ONCE AGAIN, THE GOVERNMENT WON'T AGREE. JUDGE DONATO DENIED A MOTION TO CONTINUE IT.

NOW I'VE MOVED TO WITHDRAW.  THAT'S STILL PENDING.  I

DON'T KNOW WHETHER HE WOULD GRANT THAT OR NOT.  I FEEL SOMEWHAT ETHICALLY BOUND, GIVEN THAT YOUR HONOR HAS GRANTED THE CONTINUANCE, TO WITHDRAW OR RESCIND THAT MOTION TO WITHDRAW, BECAUSE THE WHOLE BASIS OF IT WAS THAT THIS CASE IS CONFLICTING WITH THAT ONE, SO THE BASIS FOR THAT MOTION HAS KIND OF GONE AWAY.

THE COURT:  RIGHT.  WELL, EXCEPT THAT THE BEST PLACE FOR ME, WHICH IS NOT FOR YOU TWO, BUT FOR ME, FOR THIS CASE WOULD BE RIGHT IN THE MIDDLE OF THAT CASE.

MR. RIZK:  OCTOBER 28TH.

THE COURT:  OCTOBER 28TH.  THAT WOULD BE PERFECT FOR ME.

BUT, A, I DON'T KNOW IF THAT'S ENOUGH TIME FOR YOU TO DO WHATEVER YOU HAVE TO DO; AND, B, I AM NOT GOING TO TREAD ON JUDGE DONATO'S TOES YET AGAIN.

MR. RIZK:  I UNDERSTAND.  THAT'S WHY OUR REQUEST IS FOR DECEMBER, UNFORTUNATELY.  THAT'S A THREE-WEEK TRIAL, SO THERE'S -- IT'S GOING TO GO FROM, YOU KNOW, OCTOBER 15TH INTO THE FIRST WEEK OF NOVEMBER.

AND PRACTICALLY, YOU KNOW, I HAVE TO HAVE AT LEAST A WEEK OR MORE OF TURNAROUND, AND THEN THERE'S THE HOLIDAYS, AND SO I DON'T REALLY SEE HOW WE COULD PROCEED BEFORE THE FIRST WEEK OF DECEMBER.

I DON'T HAVE ANY OTHER -- YOU KNOW, I'M TRYING TO MOVE THIS AS QUICKLY FORWARD AS I CAN FOR MY CLIENT.  THAT'S HER

PREFERENCE.

MS. MOEEL HAS NO CONFLICTS.

MS. DAVIDSON:  THERE --

MR. RIZK:  SO THAT'S THE PREDICAMENT.

MS. DAVIDSON:  IF I MAY, ONE POTENTIAL OPTION COULD BE WAITING TO SEE WHETHER JUDGE DONATO DOES GRANT THE MOTION TO WITHDRAW.  IF HE DOES, THAT WOULD REMOVE ALL OF OUR PROBLEMS AND WE WOULD BE ABLE TO SET THE OCTOBER 28TH DATE.

THE COURT:  SO YOU FILED IT; RIGHT?

MR. RIZK:  I ALREADY FILED IT BECAUSE I FELT LIKE I HAD TO.  I MEAN, THE REASON WAS THAT THE PRETRIAL FILINGS IN THAT CASE WERE DUE THE SECOND WEEK OF SEPTEMBER, LIKE MOTIONS IN LIMINE, THAT KIND OF THING.  SO I COULDN'T DO THAT WITH THIS TRIAL SET AS IT IS.

SO THE BASIS FOR THE MOTION IS THAT CONFLICT, AND SO ONCE THE COURT VACATES THAT TRIAL SCHEDULE, I MEAN, TECHNICALLY I THINK THE BASIS FOR THE MOTION HAS BEEN REMOVED.

AND I DON'T PERSONALLY, LIKE, HAVE A DOG IN THIS FIGHT.  I DON'T -- I DO THINK IT WILL DELAY THAT TRIAL SIGNIFICANTLY, WHICH IS NOT MY CLIENT'S PREFERENCE.  BUT I -- I'M JUST DOING, YOU KNOW, WHAT I CAN GIVEN TWO CLIENTS' DIFFERENT INTERESTS.

THE COURT:  IS THE CLIENT IN JUDGE DONATO'S CASE IN CUSTODY?

MR. RIZK:  NO.  HE'S BEEN OUT OF CUSTODY FOR YEARS.

I MEAN, IF -- BY THE SAME TOKEN, IF THE GOVERNMENT REALLY

WANTED THIS CASE TO GO FORWARD, IT'S THE SAME U.S. ATTORNEY'S OFFICE, IT'S THE SAME CLIENT.  THEY COULD ASK THAT CASE TO BE MOVED BACK, BUT THEY REFUSE TO DO THAT, AND SO INSTEAD I'VE HAD TO WITHDRAW, OR MOVE TO WITHDRAW.

AND I DON'T KNOW WHAT HE WILL DO.  I, FRANKLY, AM SKEPTICAL THAT HE WOULD GRANT THE MOTION TO WITHDRAW IF WE JUST LEAVE IT ON FILE, TO BE HONEST, BECAUSE HE HASN'T GRANTED ME ANY OTHER RELIEF.

THE COURT:  DO YOU -- WHEN IS YOUR NEXT HEARING IN JUDGE DONATO'S CASE?

MR. RIZK:  IT IS NOTICED FOR A HEARING NEXT MONDAY, I BELIEVE.  NOT A -- YES, THIS COMING MONDAY, I BELIEVE.

THE COURT:  THIS COMING MONDAY.

MR. RIZK:  YEAH.  THE GOVERNMENT TOOK NO POSITION ON THE MOTION TO WITHDRAW, WHICH I THINK IS THEIR POLICY.

THE COURT:  WELL, ON DECEMBER 2ND I HAVE A CIVIL CASE, BUT IT'S BEEN BATTERED AROUND FOR AWHILE AND I'M EXTREMELY RELUCTANT TO MOVE IT.

I COULD DO DECEMBER 16TH.  YOU -- HOW LONG DO YOU THINK -- WELL, I HAVE TO ASK YOU BOTH HOW LONG THIS CASE IS GOING TO TAKE.

MS. DAVIDSON:  I BELIEVE WE ESTIMATED -- WITH THE GOVERNMENT'S ESTIMATE, AS WELL AS THE DEFENSE, IT WAS BETWEEN TWO TO THREE WEEKS.

THE COURT:  THAT'S KIND OF WHAT I THOUGHT.

MS. DAVIDSON:  THAT WOULD BE KIND OF A PROBLEM WITH THE HOLIDAYS AND GETTING A JURY.

THE COURT:  YEAH.

MR. RIZK:  I MEAN, I THINK IT COULD BE DONE IN DECEMBER, BUT IT WOULD HAVE TO GO IN THE FIRST COUPLE DAYS, AND IT SOUNDS LIKE THAT'S A CONFLICT WITH A PREEXISTING CASE.

THE COURT:  I JUST -- YEAH, THAT WOULD BE VERY, VERY DIFFICULT.

WELL, LET ME ASK YOU THIS, AND TRY TO BE AS, AS OPEN AS YOU CAN BE WITH ME.

IF IT WERE TO -- IF JUDGE DONATO LET YOU OUT OF THAT OTHER CASE --

MR. RIZK:  UM-HUM.

THE COURT:  -- AND WE WERE TO SET THIS CASE FOR -- I COULD SET IT FOR OCTOBER 21ST OR OCTOBER 28TH.  IF WE WERE TO DO THAT, WOULD YOU HAVE ENOUGH TIME?

MR. RIZK:  I THINK WE WOULD.  I THINK SO.

THE COURT:  WELL, THAT WOULD BE MY PREFERENCE, AND THEN THAT WOULD TAKE CARE OF THE GOVERNMENT'S ISSUE WITH, WITH INTERRUPTIONS OF THE TRIAL --

MR. RIZK:  UM-HUM.

THE COURT:  -- AND THAT SORT OF THING, AND IT WOULD GET US DONE BEFORE THE HOLIDAYS AND IT WOULD GET YOUR CLIENT TO SOME RESOLUTION, RAPIDLY SO.  IF THAT COULD BE DONE, THAT'S WHAT I WOULD LIKE TO DO.

IF YOUR HEARING IS NEXT MONDAY, MAYBE WE SHOULD -- I'M NOT ASKING JUDGE DONATO FOR ANYTHING.

MR. RIZK:  YEAH.

THE COURT:  NOT THIS TIME.  BUT MAYBE WE COULD JUST WAIT AND FIND OUT WHAT HE'S GOING TO DO.

MR. RIZK:  THAT'S FINE WITH ME.  I MEAN, I WILL JUST APPRISE HIM OF WHAT HAPPENED HERE AND WE'LL SEE WHAT HE DOES WITH THE MOTION.

THE COURT:  OKAY.  BECAUSE I -- ONE WAY OR ANOTHER, I WILL GIVE YOU MORE TIME.

MR. RIZK:  THANK YOU.

THE COURT:  AND I'LL DO MY BEST TO KEEP THE TRIAL TEAM TOGETHER ON THE GOVERNMENT'S SIDE.

AND THEN, AS I SAY, THE IDEAL TIME FOR ME WOULD BE OCTOBER 21 OR OCTOBER 28.

OH, I DO HAVE A CRIMINAL THING STARTING NOVEMBER 12TH, SO IT MIGHT BE BETTER FOR US TO START, IF WE COULD, ON THE 21ST, AND THEN WE'D HAVE THREE WEEKS.

SO LET'S MAKE THAT TENTATIVE.  BUT CAN YOU LET ME KNOW, MR. RIZK, AFTER MONDAY WHAT HAPPENS.

MR. RIZK:  YEAH.  WHY DON'T WE SET, IF THE COURT'S OPEN TO IT, SET ANOTHER HEARING WITH MS. BUTLER PRESENT.

THE COURT:  YES, OKAY.

MR. RIZK:  AND WE CAN SET THE SCHEDULE.

THE COURT:  OKAY.  ESTHER, ARE WE -- IS NEXT TUESDAY

A NORMAL DAY?

THE CLERK:  DO YOU WANT TO SET IT FOR NEXT TUESDAY, OR DO YOU WANT TO -- THAT WOULD BE SPECIALLY SET, OR WE COULD DO IT FOR JULY 12TH.

THE COURT:  I'M JUST WORRIED JULY 12TH IS A LITTLE FAR OUT.

THE CLERK:  I CAN TRY TO SEE IF WE CAN DO JULY 2ND, SPECIALLY SET IT FOR A HEARING.

THE COURT:  WOULD THAT WORK FOR YOU FOLKS, TUESDAY?

MR. RIZK:  YES.

MS. DAVIDSON:  THAT WORKS.

THE COURT:  WE COULD DO IT, ESTHER, AT THIS -- I'LL DO IT AT ANY TIME, BUT 10:30 IS FINE WITH ME IF THAT WORKS FOR THE COURT REPORTERS.

THE CLERK:  OKAY.

THE COURT:  CAN WE JUST REPORT IT WITH A -- TAPE RECORD IT?

THE CLERK:  IT'S PREFERRED THAT WE HAVE A COURT REPORTER PRESENT FOR CRIMINAL MATTERS.

THE COURT:  OKAY.  WELL, WE'LL BE FLEXIBLE.

ALL RIGHT.  WE'LL SET IT NOW FOR THE 2ND OF JULY AT 10:30, AND IT WOULD BE VERY GOOD IF MS. BUTLER WERE HERE.

MR. RIZK:  YEAH.

THE COURT:  AND THEN IN THE MEANTIME, IF YOU CAN JUST KEEP ME POSTED ON ELSE WHAT IS GOING ON.

MR. RIZK:  OF COURSE.

AND YOUR COURTROOM DEPUTY RAISED THE MATTER OF THE DEFENDANT'S NAME, AND MS. MOEEL HAD THE APPROPRIATE INSIGHT THAT, AT LEAST ON OUR SIDE, WE WANT TO CALL MS. BUTLER BY HER PREFERRED NAME, WHICH IS LENIYAH, LENIYAH BUTLER.

THE COURT:  HOW DO I SPELL THAT?

MR. RIZK:  IT'S L-E-N-I-Y-A-H.

AND I UNDERSTAND FROM MS. CHUNG THAT THAT'S AN ISSUE WITH THE AUDITING TEAM IN THE CLERK'S OFFICE, SO I'LL FIND A WAY TO TRY TO RESOLVE THAT IF I CAN.

THE COURT:  THAT WOULD BE GOOD, BECAUSE THE MAIN THING WE WANT IS FOR THEM TO GET HER AND BRING HER HERE WHEN THEY NEED TO, AND IF THERE'S SOME GOOF-UP ON THE NAME, THAT COULD INTERFERE WITH THAT.

MR. RIZK:  OKAY.  I UNDERSTAND, YEAH.

THE COURT:  BUT WE CAN CALL HER WHATEVER YOU PREFER.

MR. RIZK:  THANK YOU.  APPRECIATE THAT.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. RIZK:  THANK YOU, YOUR HONOR.

MS. DAVIDSON:  THANK YOU, YOUR HONOR.

(THE PROCEEDINGS WERE CONCLUDED AT 11:02 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 1301 CLAY STREET, OAKLAND, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED:  JANUARY 19, 2026