UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-cr-00449-SI-1 |
| Plaintiff, | |
| | **ORDER GRANTING DEFENDANT'S REQUEST FOR INDICATIVE RULING ON MOTION FOR COMPASSIONATE RELEASE** |
| v. | |
| LENIYAH (LEION) BUTLER, | |
| Defendant. | Re: Dkt. No. 385 |

On May 6, 2026 and June 11, 2026, the Court held hearings on defendant Leniyah (Leion) Butler's motion for compassionate release. Butler is a 22 year old transgender woman who is serving a 60-month sentence of imprisonment based on her conviction for voluntary manslaughter. Butler has served approximately half of her sentence. Butler has a diagnosis of gender dysphoria, and the evidence at trial documented that Butler has severe intellectual and neurocognitive impairments. Butler was transferred to the custody of the Bureau of Prisons ("BOP") on approximately November 6, 2025, and since that time she has been housed exclusively in all-male units or all-male prisons, including FCI Florence and FCI Sheridan, both of which are all-male medium security prisons. Butler claims that immediately upon her transfer to BOP custody and continuing through her present incarceration at FCI Sheridan, she has been repeatedly threatened with violence and physically and sexually assaulted by male inmates and that BOP has been unable to ensure her safety.

Because the parties' cross-appeals are pending before the Ninth Circuit Court of Appeals, Butler requests an indicative ruling from this Court pursuant to Federal Rule of Criminal Procedure 37(a)(3), stating that it would grant the motion for compassionate release if the Court of Appeals remanded for that purpose. The Court has carefully considered the parties' arguments, the relevant legal authority, and the record in this case, and for the reasons set forth below GRANTS defendant's

United States District Court
Northern District of California

request for an indicative ruling.  If the Ninth Circuit remands this case, the Court will issue a more fulsome order granting the motion for compassionate release and for a sentence reduction to time served followed by a term of supervision with conditions.  The Court has carefully reviewed Butler's proposed release plan to MISSEY, a transitional and long-term residential program for individuals impacted by sexual violence or exploitation, and Probation informed the Court that it can supervise Butler at MISSEY.  A representative from MISSEY attended the June 11 hearing and stated that her organization has reserved a space for Butler.

## LEGAL STANDARD

In accordance with the First Step Act and 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"[1] (1) if extraordinary and compelling reasons warrant such a reduction, (2) if a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citations omitted).   A defendant must fulfill all three factors, and failing any single factor may lead to denial. *Wright*, 46 F.4th at 945.

The amended policy statement, U.S.S.G. § 1B1.13, describes "extraordinary and compelling reasons" to include: (1) specified medical circumstances of the defendant, including serious physical, medical, functional, or cognitive conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) age-related deterioration; (3) family circumstances; (4) being a victim of sexual or physical abuse perpetrated by employees of BOP; (5) "other reasons" for a sentence reduction that are "similar in gravity" to the four prior reasons; and (6) an unusually long sentence.   U.S.S.G. § 1B1.13(b).   Even if the defendant's circumstances are "extraordinary and

---

[1] There is no dispute that Butler has exhausted her administrative remedies.

United States District Court
Northern District of California

compelling," relief may only be granted for a defendant who is not "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(a)(2).

**DISCUSSION**

Butler contends that she has demonstrated extraordinary and compelling reasons based on her medical circumstances, U.S.S.G. § 1B1.13(b)(1), and under the "catch-all" provision of U.S.S.G. § 1B1.13(b)(5). The Court agrees. As to medical circumstances, the evidence shows that Butler's combination of gender dysphoria and her severe cognitive and intellectual impairments render it impossible for her to take care of herself in the unsafe correctional environments in which she has been incarcerated. Butler has submitted compelling evidence in support of her claim that she has been repeatedly physically and sexually assaulted and that she has been targeted because she is transgender. Despite her requests to be designated to a women's prison, BOP has continued to keep Butler in men-only facilities, with the only custodial changes consisting of moving Butler into the SHU for extended periods of time and to different men-only facilities, where she continues to be at risk of assault. *See e.g.*, Dkt. No. 410-1 (Decl. of Def. Investigator Sebastien Wiggs, discussing June 1, 2026 report from Butler of assault by three inmates and her subsequent placement in the SHU). With regard to the "catch-all" provision, the Court finds that under the circumstances presented here, BOP's decision to house Butler at men's prisons where she is continually sexually assaulted and BOP's failure to take any meaningful precautionary measures to ensure her ongoing safety is "similar in gravity" to the enumerated ground regarding sexual abuse of inmates by staff set forth in U.S.S.G. § 1B1.13(b)(4).

The Court also finds that the 18 U.S.C. § 3553(a) factors support a sentencing reduction. The Court recognizes the seriousness of Butler's crime (and the opposition of the victim's family), as well as the need for the sentence to provide just punishment and to promote respect for the law. However, Butler serving her sentence in an unsafe environment in which she is subject to repeated physical and sexual assaults is not providing "just punishment"—it is excessive punishment. Nor is an abusive carceral setting providing Butler with "correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Rather, based upon all of the particular circumstances of this

United States District Court
Northern District of California

case, including Butler's impairments and her background, it is the Court's view that the § 3553(a) factors support a  reduction to time served with a term of supervision and release to MISSEY's residential program where she will be monitored by care providers, supervised by Probation, and provided with services and programs specifically designed for survivors of sex trafficking.  Finally, the Court finds that Butler does not present a danger to the safety of any other person or the community based upon the proposed release plan and the contemplated conditions of supervision, some of which were discussed at the June 11 hearing.

**CONCLUSION**

Accordingly, pursuant to Federal Rule of Criminal Procedure 37(a)(3), the Court GRANTS defendant's request for an indicative ruling and states that upon remand, it would grant the motion for a sentence reduction to time served followed by a term of supervision with conditions.

**IT IS SO ORDERED**.

Dated:  June 12, 2026

_____
SUSAN ILLSTON
United States District Judge

4